IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KEVIN JAMES MANNING #02458368, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | A-23-CV-1123-RP |
| | § | |
| FEDERAL GOVERNMENT, | § | |
| CONGRESS, | § | |
| DONALD TRUMP ADMINISTRATION, | § | |
| and JOE BIDEN ADMINISTRATION, | § | |
|     DEFENDANTS. | § | |

## ORDER

Before the Court is Plaintiff Kevin James Manning's complaint. The Court granted Plaintiff leave to proceed *in forma pauperis*. For the reasons discussed below, the Court dismisses Plaintiff's complaint.

## STATEMENT OF THE CASE

At the time he filed his complaint, Plaintiff was confined in the Hutchins Unit of the Texas Department of Criminal Justice. Plaintiff was convicted of unauthorized use of a vehicle in Henderson County and was sentenced to 270 days in jail.

Plaintiff alleges he has been a target since becoming President of the United States. He states his foes have tried to impeach him several times but failed in having Plaintiff removed from the Oval Office. During his presidency, he complains he has not received his salary and has been falsely accused of several crimes. He asserts he has not been able to afford bond or counsel to represent him and has three months left of his sentence. According to Plaintiff, a state judge convicted him of unauthorized use of a vehicle and that judge also tried to impeach Plaintiff. Plaintiff requests "320

million US dollars for 32 month[s] of incarceration [which is] 10 million dollars a month" for "the job as duly elected President by the United States Congress in 2019."

Plaintiff made similar claims and request for relief in a previously filed complaint. *See Manning v. United States of America*, No. A-23-CV-1033-RP (W.D. Tex.). The Court dismissed his complaint as frivolous on September 20, 2023, shortly after the Court received Plaintiff's second complaint.

## DISCUSSION AND ANALYSIS

When an inmate seeks redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (*per curiam*). If a plaintiff is proceeding IFP, his complaint is also subject to screening under § 1915(e)(2). Both statutes provide for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact, i.e., when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007)). This standard requires more than the mere possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

All well–pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Although "detailed factual allegations," are not required, "more than an unadorned, the–defendant–unlawfully–harmed–me accusation" is. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.* And although a court must construe a pro se's allegations liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Plaintiff's complaint is delusional, as he clearly is not the President of the United States. Moreover, Plaintiff's complaint is malicious. The Fifth Circuit has held it is "malicious" for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff. *Pittman v. Moore*, 980 F.2d 994 (5th Cir. 1993).

It is therefore **ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE** as malicious and as frivolous pursuant to 28 U.S.C. § 1915(e).

Plaintiff is warned, if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted,

3

he will be prohibited from bringing any other actions *in forma pauperis* unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

It is finally **ORDERED** that the Clerk of Court shall e-mail a copy of this Order and the Court's Judgment to the keeper of the three-strikes list.

**SIGNED** on September 21, 2023.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE